**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WENDY BARTLETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WELLS FARGO BANK, NATIONAL | ) |
| ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.　　　Plaintiff Wendy Bartlett brings this action against Wells Fargo Bank, National Association ("Wells"), to secure redress for improper information on her credit report, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.

### JURISDICTION AND VENUE

2.　　　This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 1367 and 15 U.S.C. §1681p .

3.　　　Venue in this District is proper because defendant does business in this District.

### PARTIES

4.　　　Plaintiff Wendy Bartlett is a resident of the Northern District of Illinois.

5.　　　Wells Fargo Bank, National Association ("Wells") is a federally-chartered corporation with its principal place of business at 101 N. Phillips Avenue, Sioux Falls, SD 57104. It does business as Wells Fargo Dealer Services. Wells Fargo Dealer Services was once a separate entity but was merged into Wells in 2011. Wells does business in Illinois and has 25 offices in the state, including one at 10 South Wacker Drive, Chicago, IL 60606.

### FACTS

6.　　　Plaintiff is the debtor in a Chapter 13 proceeding.

1

7.      One of debts scheduled in the Chapter 13 is an auto retail installment contract owed to Wells Fargo.

8.      Attached as <u>Exhibit A</u> is the claim filed by Wells Fargo, including the contract.

9.      Wells has been reporting the debt  as "past due" in an amount exceeding $4,000. Copies of plaintiffs Equifax (<u>Exhibit B</u>) and Experian (<u>Exhibit C</u>) credit reports showing such reporting are attached.

10.     The debt has never been past due in any amount approaching $4,000.

11.     The secured portion of the claim is being paid, in a timely manner.

12.     The unsecured portion of the claim is in part being timely paid in accordance with the Chapter 13 plan (<u>Exhibit D</u>).  The other part will be discharged.

13.     On or about July 9, 2014, plaintiff, through counsel, wrote to each of the credit bureaus disputing the reporting of the debt. (<u>Exhibit E</u>)

14.     On information and belief, based on their statements, the credit bureaus, in the course of investigating the dispute, contacted Wells and inquired about the reporting of the debt.

15.     Wells confirmed that the debt was "past due."

16.     As a result, Experian and Equifax continue to report a substantial amount as past due. (<u>Exhibit F</u>)

17.     Trans Union is not reporting any amount as past due.  (<u>Exhibit G</u>)

18.     The reporting of the debt was "past due" is misleading and inaccurate.

19.     Plaintiff has suffered damage as a result of the inaccurate reporting, including the denial of a mortgage loan application, and higher rates for insurance.

## COUNT I – FCRA CLAIM AGAINST WELLS FARGO

20.     Plaintiff incorporates ¶¶1-19.

21.     This claim is against Wells.

22.     Wells  violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by providing false information to the credit bureaus when they contacted Wells in response to plaintiff's dispute.

23.     Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

> **(1) In general.** After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

>> **(A)** conduct an investigation with respect to the disputed information;

>> **(B)** review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];

>> **(C)** report the results of the investigation to the consumer reporting agency; and

>> **(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

> **(2) Deadline.** A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

24.     Wells committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

25.     Section 1681n provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general.** Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–

> **(1)**

>> **(A)** any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

> **(2)** such amount of punitive damages as the court may allow; and

> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

26.        Section 1681o provides:

> **§1681o.  Civil liability for negligent noncompliance**
>
> **(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of--**
>
> > **(1) any actual damages sustained by the consumer as a result of the failure;**
> >
> > **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Wells for:

        a.        Appropriate actual, punitive and statutory damages;

        b.        Attorney's fees, litigation expenses and costs of suit;

        c.        Such other or further relief as the Court deems proper.


        /s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

4

On September 26, 2014 we are moving our offices to:

20 South Clark Street
Suite 1500
Chicago, IL 60603

Telephone and fax numbers and email addresses will remain the same:

T:\29993\Pleading\Complaint_Pleading.WPD

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/ Daniel A. Edelman
Daniel A. Edelman

7