EXHIBIT A

B 10 (Official Form 10) (04/10)   Case 10-27438   Claim 3-1   Filed 07/20/10   Desc Main Document   Page 1 of 5

| UNITED STATES BANKRUPTCY COURT   Northern District of Illinois | PROOF OF CLAIM |
|---|---|

| Name of Debtor:   WENDY A BARTLETT | Case Number: |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): Wells Fargo Dealer Services, Inc. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: Wells Fargo Dealer Services, Inc. PO Box 19657 Irvine, CA 92623-9657 Telephone number:   888-875-9372 | **Court Claim Number:** _____ *(If known)* Filed on: _____ |
| Name and address where payment should be sent (if different from above): PO Box 25341 Santa Ana, CA 92799 Telephone number:  888-875-9372 Uniform Identifier: WFCDLR 10-27438 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:** $ 12,555.68

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**  Car Loan
(See instruction #2 on reverse side.)

**3. Last six digits of any number by which creditor identifies debtor:**  6F196797

**3a. Debtor may have scheduled account as:**  WFS, Wachovia Dealer Services, Inc.
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☑ Motor Vehicle  ☐ Other
Describe:  2006 CHEVROLET MALIBU

Value of Property:$  6,800.00  Annual Interest Rate  5  %

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $  729.44  Basis for perfection: _____

Amount of Secured Claim: $  6,800.00  Amount Unsecured: $  5,755.68

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:

$ _____

**Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:   07/20/2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. /s/ Michelle Morris, Bankruptcy Specialist, Wells Fargo Dealer Services, Inc. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

B 10 (Official Form 10) (04/10) - Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. (See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

_____**DEFINITIONS**_____          _____**INFORMATION**_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10)

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.



Case: 1:14-cv-06524 ... Filed 07/20/10    Desc Main Document    Page 4 of 5

**OTHER IMPORTANT AGREEMENTS**

**1. FINANCE CHARGE AND PAYMENTS**

a. How we will figure Finance Charge. ...
b. How we will apply payments. ...
c. How late payments or early payments change what you must pay. ...
d. You may prepay. ...

**2. YOUR OTHER PROMISES TO US**

a. If the vehicle is damaged, destroyed, or missing. ...

**GAP LIABILITY NOTICE**

In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

b. Using the vehicle. ...
c. Security Interest. ...
d. Insurance you must have on the vehicle. ...

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. You may owe late charges. ...
b. You may have to pay all you owe at once. ...
c. You may have to pay collection costs. ...
d. We may take the vehicle from you. ...
e. How you can get the vehicle back if we take it. ...

**4. WARRANTIES SELLER DISCLAIMS**

If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

**5. Used Car Buyers Guide.** ...

Spanish Translation: Guía para compradores de vehículos usados. ...

**6. Applicable Law** ...

**7. Warranties of Buyer.** ...

**CREDIT DISABILITY INSURANCE NOTICE**
**CLAIM PROCEDURE**

If you become disabled, you must tell us right away. ...

**Seller's Right to Cancel**

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. ...
b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. ...
c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees. ...

**ARBITRATION CLAUSE**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Seller assigns its interest in this contract to __WACHOVIA__ (Assigned at inception)

Form No. 553-CA-ARB 1/07

## STATE OF ILLINOIS

### CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 1G1ZT63826F196797 | 2006 | CHEVROLET | MALIBU MAXX LT | 4 DOOR | |
| 1G1ZT63826F196797 | | | | | |

| DATE ISSUED | ODOMETER | CCM | PURCHASED | PURCHASE DATE |
|---|---|---|---|---|
| 12/10/08 | 41028 | | USED | 09/08/07 |
| | 41028 | | | |

MOBILE HOME SQ. FT.

TYPE OF TITLE
ORIGINAL

MAILING ADDRESS

WACHOVIA DEALER SERVICES
PO BOX 19733
IRVINE CA 92623-9733

LEGEND(S)

OWNER(S) NAME AND ADDRESS

ACTUAL MILEAGE

FIRST LIENHOLDER NAME AND ADDRESS
WACHOVIA DEALER SERVICES
PO BOX 19733
IRVINE CA 92623-9733

SECOND LIENHOLDER NAME AND ADDRESS

RELEASE OF LIEN
The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

Firm Name _____   By _____   Signature of Authorized Agent _____   Date _____

Firm Name _____   By _____   Signature of Authorized Agent _____   Date _____

NEW LIEN ASSIGNMENT: The information below must be on an application for title and presented to the Secretary of State.
Secured Party: _____   Address: _____

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

### ASSIGNMENT OF TITLE
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
WARNING-ODOMETER DISCREPANCY.

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair-market value unless this document is accompanied by a salvage application."

ODOMETER READING _____  NO TENTHS
Signature(s) of Seller(s) _____

Printed Name(s) of Seller(s) _____
I am aware of the above odometer certification made by seller.

DATE OF SALE _____

Signature(s) of Buyer(s) _____   Printed Name _____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS, AT SPRINGFIELD.

CONTROL NO. G7653722

*Jesse White*
JESSE WHITE, Secretary of State

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.**

RETAIL INSTALLMENT SALE CONTRACT — SIMPLE INTEREST FINANCE CHARGE

R.H. ENTERPRISE CAR SALE & ORANGE
1925 N TUSTIN
ORANGE CA 92556

| | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Vehicle Purchased |
|---|---|---|---|---|---|
| USED | 2005 | CHEVROLET MALIBU | 34745 | 1G1ZT63826F169757 | |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| 12.00 % | 7,324.61 | 17,631.66 | 23,009.16 | 29,008.53 |

### STATEMENT OF INSURANCE

### ITEMIZATION OF THE AMOUNT FINANCED

1. Total Cash Price ... $13,352.00
2. Amounts Paid to Public Officials
3. Amount Paid to Insurance Companies

ORIGINAL LIENHOLDER

**OTHER IMPORTANT AGREEMENTS**

### 1. FINANCE CHARGE AND PAYMENTS

### 2. YOUR OTHER PROMISES TO US

**GAP LIABILITY NOTICE**

### 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

### 4. WARRANTIES SELLER DISCLAIMS

### 5. Used Car Buyers Guide.

### 6. Applicable Law

### 7. Warranties of Buyer.

**CREDIT DISABILITY INSURANCE NOTICE**
**CLAIM PROCEDURE**

**Seller's Right to Cancel**

**ARBITRATION CLAUSE**
PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

EXHIBIT B

**WELLS FARGO DLR SVC/WACH DLS**
P.O.BOX 1697
CREDIT BUREAU DISPUTES
WINTERVILLE, NC-28590

| | | | |
|---|---|---|---|
| Account Number: | | Status: | WAGE EARNER PLAN |
| Account Owner: | Individual Account. | High Credit: | $17,684 |
| Type of Account | N/A | Credit Limit: | $0 |
| Term Duration: | | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 09/01/2007 | Balance: | $5,615 |
| Date Reported: | 06/01/2014 | Amount Past Due: | $5,615 |
| Date of Last Payment: | 08/2013 | Actual Payment Amount: | |
| Scheduled Payment Amount: | $347 | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | 07/2010 | Months Reviewed: | 76 |
| Creditor Classification: | | Activity Designator: | N/A |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Auto |
| Date of First Delinquency: | 04/2010 | | |
| Comments: | Consumer disputes after resolution, Bankruptcy chapter 13 | | |

<u>EXHIBIT C</u>

**WELLS FARGO DEALER SERVICES**
*This item is currently being investigated.*
**Address:**
PO BOX 1697
WINTERVILLE, NC 28590

**Status:** Petition for Chapter 13 Bankruptcy. $0 written off.
$5,429 past due as of May 2014.

**Status Details:** This account is scheduled to continue on record until May 2017.

| | | |
|---|---|---|
| **Date Opened:** | **Type:** | **Credit Limit/Original Amount:** |
| 09/2007 | Auto Loan | NA |
| **Reported Since:** | **Terms:** | **High Balance:** |
| 08/2013 | 72 Months | NA |
| **Date of Status:** | **Monthly Payment:** | **Recent Balance:** |
| 08/2013 | $0 | $5,429 as of 05/2014 |
| **Last Reported:** | **Responsibility:** | **Recent Payment:** |
| 05/2014 | Individual | $0 |
| **Your Statement:** | | |

Completed investigation of FCRA dispute - consumer disagrees.

**Account History:**
Filed Chapter 13 Bankruptcy on Aug 16, 2013

**Balance History - The following data will appear in the following format:**
*account balance / date payment received / scheduled payment amount / actual amount paid*
Apr 2014: $5,615 / August 16, 2013 / no data / no data
Mar 2014: $5,875 / August 16, 2013 / no data / no data
Feb 2014: $5,933 / August 16, 2013 / no data / no data
Jan 2014: $6,092 / August 16, 2013 / no data / no data
Dec 2013: $6,309 / August 16, 2013 / no data / no data
Nov 2013: $6,472 / August 16, 2013 / no data / no data
Oct 2013: $6,765 / August 16, 2013 / no data / no data
Sep 2013: $6,787 / August 16, 2013 / no data / no data
Aug 2013: $6,787 / August 16, 2013 / no data / no data
Jul 2013: $7,135 / May 14, 2010 / no data / no data
Jun 2013: $7,340 / May 14, 2010 / no data / no data
May 2013: $7,526 / May 14, 2010 / no data / no data
Apr 2013: $7,685 / May 14, 2010 / no data / no data
Mar 2013: $7,880 / May 14, 2010 / no data / no data
Feb 2013: $11,053 / May 14, 2010 / no data / no data
Jan 2013: $11,130 / May 14, 2010 / no data / no data
Dec 2012: $11,232 / May 14, 2010 / no data / no data
Nov 2012: $11,332 / May 14, 2010 / no data / no data
Oct 2012: $11,404 / May 14, 2010 / no data / no data
Sep 2012: $11,501 / May 14, 2010 / no data / no data
Aug 2012: $11,570 / May 14, 2010 / no data / no data
Jul 2012: $11,666 / May 14, 2010 / no data / no data

# EXHIBIT D

Model Plan
Rev. 1/2009rj

Trustee: ☐ Marshall ☐ Meyer
■ Stearns ☐ Vaughn

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | **Case No. 10-27438** |
| | ) | |
| **Wendy A Bartlett** | ) | ☐ **Original Chapter 13 Plan** |
| | ) | |
| Debtors. | ) | ■ **Modified Chapter 13 Plan, dated 9/2/10** |

■ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**A. Budget items**

**1.** As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **2** ; (b) their ages are **28 , 0** ; (c) total household monthly income is $ **2,424.50** ; and (d) total monthly household expenses are $ **2,119.50** , leaving $ **305.00** available monthly for plan payments.

**2.** The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**B. General provisions**

**1.** The debtor assumes all unexpired leases and executory contracts identified in the debtor's Schedule G.

**2.** Claims secured by a mortgage on real property of the debtor, set out in Paragraph 5 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Postpetition defaults.* Within 30 days of issuing the final payment of any cure amount specified in Paragraph 5 of Section E, the standing trustee shall file and serve upon the mortgagee, the debtor, and any attorney for the debtor a notice stating (1) that the cure amount has been paid, satisfying all prepetition mortgage obligations of the debtor, (2) that the mortgagee is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of postpetition obligations, (3) that if the debtor has failed to make timely payments of any postpetition obligations, the mortgagee is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the mortgagee fails to file and serve a statement of outstanding obligations within the required time, the mortgagee is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice, and (5) that if the mortgagee does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the mortgagee and the standing trustee, with the court

1

resolving the challenge as a contested matter, or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the mortgagee to collect these amounts will be unaffected. No liability shall result from any non-willful failure of the trustee to serve the notice required by this subparagraph.

(c) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder. Otherwise, any such costs of collection shall be claimed pursuant to subparagraph (b) above.

**3.** The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

**4.** The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**C.**
**Direct**
**payment of**
**claims by**
**debtor**

■   The debtor will make no direct payments to creditors holding prepetition claims. */or/*
☐   The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor:   -NONE-_____ , monthly payment, $ _____

2

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

**D.**
**Payments**
**by debtor**
**to the**
**trustee;**
**plan term**
**and**
**completion**

1. *Initial plan term.* The debtor will pay to the trustee $ __305.00__ monthly for __60__ months [and $ __0__ monthly for an additional __0__ months], for total payments, during the initial plan term, of $ __18,300.00__ . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
■ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**E.**
**Disburse-**
**ments by**
**the trustee**

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at __10.00__% of plan payments; and during the initial plan term, totaling $ __1,830.00__ . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

-NONE-

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2b of Section H.]

3

3. *Other secured claims*. All secured claims, other than mortgage claims treated above, are to be paid in full during the plan term, with interest at an annual percentage rate specified below in the amounts stated (subject to reduction with the consent of the creditor, implemented as for reductions of mortgage arrears), regardless of contrary proofs of claim, in monthly installments, with fixed monthly payments as specified below:

(a) Creditor: __Wfs Financial__                    Collateral:**2006 Chevy Malibu Max with 75k miles - lien held by Wells fargo**

Amount of secured claim: $ __6,800.00__ APR **5** %    Fixed monthly payment:$ __156.60__ ;
Total estimated payments, including interest, on the claim: **$7,516.74**. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __7,516.74__ . [Enter this amount on Line 2c of Section H.]

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ __3,000.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
-NONE-

The total of all mortgage arrearage payments to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2e of Section H.]

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2f of Section H.]

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim: __-NONE-__ shall be paid at __N/A__ % of the allowed amount. The total of all payments to this special class is estimated to be $ __N/A__ . [Enter this amount on Line 2g of Section H.]

Reason for the special class: _____ __N/A__ _____ .

4

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ■ to the extent possible from the payments set out in Section D, but not less than __11__ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.]

9. *Interest.* Interest ■ shall not be paid on unsecured claims /or/ interest ☐ shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of __N/A__ % [Complete Line 4d of Section H to reflect interest payable.]

**F.**
**Priority**

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of a deficiency in plan payments: (1) trustee's authorized percentage fee; (2) current mortgage payments; (3) secured claims listed in Section E.3; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

5

**G.**
**Special**
**terms**

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**H.**
**Summary**
**of pay-**
**ments to**
**and from**
**the**
**trustee**

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)

$    18,300.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):

| | | |
|---|---|---|
| (a) Trustee's fees | $ | 1,830.00 |
| (b) Current mortgage payments | $ | 0.00 |
| (c) Payments of other allowed secured claims | $ | 7,516.74 |
| (d) Priority payments to debtor's attorney | $ | 3,000.00 |
| (e) Payments of mortgage arrears | $ | 0.00 |
| (f) Payments of non-attorney priority claims | $ | 0.00 |
| (g) Payments of specially classified unsecured claims | $ | 0.00 |
| (h) Total *[add Lines 2a through 2g]* | $ | 12,346.74 |

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*

$    5,953.26

(4) Estimated payments required after initial plan term:

| | | |
|---|---|---|
| (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ | 53,059.00 |
| (b) Minimum GUC payment percentage | | 11 % |
| (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | $ | 5,836.49 |
| (d) Estimated interest payments on unsecured claims | $ | 0.00 |
| (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | $ | 5,836.49 |
| (f) Payments available during initial term *[enter Line 3]* | $ | 5,953.26 |
| (g) Additional payments required *[subtract Line 4f from Line 4e]* | $ | -116.77 |

(5) Additional payments available:

| | | |
|---|---|---|
| (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ | N/A |
| (b) Months in maximum plan term after initial term | | N/A |
| (c) Payments available *[multiply line 5a by line 5b]* | $ | N/A |

**I.**
**Payroll**
**Control**

■ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G.

**Sig-**
**natures:**

**Debtor(s) [Sign only if not represented by an attorney]**

_____    _____    **Date** _____

6

**Debtor's Attorney**   /s/ John P. Carlin _____   **Date** September 2, 2010 _____

**Attorney Information (name, address, telephone, etc.)**

> John P. Carlin 6277222
> Chang & Carlin, LLP
> 1305 Remington Road
> Suite C
> Schaumburg, IL 60173
> 847-843-8600
> Fax: 847-843-8605

## Special Terms *[as provided in Paragraph G]*

1. Where total amount of a claim is less than the estimate specified in sections E, the creditor shall be paid the amount of its allowed claim;

2. No payment shall be made on any general usnecured claim that is not timely filed.

3. Secured Creditor listed on Section E3 of the plan will be paid $50 per month for the first five months of the plan, and than, beginning in month six of the plan will be paid $159 for the remainder of the plan.

4. The Debtor's Father will be making the payments to Sound Credit Union outside of the plan.

7

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

<u>EXHIBIT E</u>

**EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.**
**120 S. LaSalle Street, 18th floor**
**Chicago, Illinois 60603-3403**
**(312) 739-4200**
**(800) 644-4673**
**(312) 419-0379 (FAX)**
**Email: info@edcombs.com**
**www.edcombs.com**
July 9, 2014

Equifax Information Services, LLC
P.O. Box 105069
Atlanta, GA 30348

Experian
701 Experian Pkwy.
P.O. Box 4500
Allen, TX 75013

Trans Union
Consumer Disclosure Center
P.O. Box 900
Woodlyn, PA 19094

Re: Wendy Bartlett, ▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐

Ladies/ Gentlemen:

Demand is hereby made that you correct the credit reports of our above client to show that her account with Wells Fargo Dealer Services has never been past due. It is being reported with various amounts past due, such as $5,050 as of June 2014. In fact, although our client has filed a Chapter 13, this debt was always paid on time. The filing of a Chapter 13 does not justify reporting a particular debt as past due when it has been consistently paid on time.

Please respond within 30 days and send a corrected credit report showing correction of this item. Our clients' authorization for the release of credit information is enclosed.

You are specifically requested to provide a copy of this letter to anyone asked to investigate this matter.

Sincerely yours,

Daniel A. Edelman

cc: client
Wells Fargo Dealer Services, PO Box 1697, Wi nterville, NC 28590

copy/ send (5 regular)/ file

<u>EXHIBIT F</u>

7176-01-004009231-0001-0015248

**Experian**
A world of insight

Prepared for: **WENDY A BARTLETT**
Date: July 24, 2014
Report number: **3866-5192-60**

Page 2 of 4

## Your accounts that may be considered negative

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies for up to seven years, which may remain for up to 10 years. A paid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

### Payment history legend

| | | | |
|---|---|---|---|
| OK | Current/Terms of agreement met | VS | Voluntarily surrendered |
| 30 | Account 30 days past due | R | Repossession |
| 60 | Account 60 days past due | PBC | Paid by creditor |
| 90 | Account 90 days past due | IC | Insurance claim |
| 120 | Account 120 days past due | G | Claim filed with government |
| 150 | Account 150 days past due | D | Defaulted on contract |
| 180 | Account 180 days past due | C | Collection |
| CRD | Creditor received deed | CO | Charge off |
| FS | Foreclosure proceedings started | CLS | Closed |
| FCL | Foreclosed | ND | No data for this time period |

## Credit items



**WELLS FARGO DEALER SERVICES**
PO BOX 1697
WINTERVILLE NC 28590
Phone number
(800) 289 8004
Partial account number
Address identification number

| | | |
|---|---|---|
| **Date opened** Sep 2007 | **Type** Auto Loan | **Credit limit or original amount** Not reported |
| **First reported** Jul 2014 | **Terms** 72 Months | **High balance** Not reported |
| **Date of status** Jul 2014 | **Monthly payment** Not reported | **Recent balance** $4,891 as of Jul 2014 |

**Responsibility**
Individual

**Status**
Petition for Chapter 13 Bankruptcy, $0 written off. $4,891 past due as of Jul 2014. This account is scheduled to continue on record until May 2017.

**Comment**
Completed investigation of FCRA dispute - consumer disagrees.
This item was updated from our processing of your dispute in Jul 2014.

**Account History**
Filed Chapter 13 Bankruptcy on July 17, 2014.

**Account history** – If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.

AB = Account balance ($)  DPR = Date payment received  SPA = Scheduled payment amount ($)  AAP = Actual amount paid ($)

| | Jul12 | Aug12 | Sep12 | Oct12 | Nov12 | Dec12 | Jan13 | Feb13 | Mar13 | Apr13 | May13 | Jun13 | Jul13 | Aug13 | Sep13 | Oct13 | Nov13 | Dec13 | Jan14 | Feb14 | Mar14 | Apr14 | May14 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB | 11,686 | 11,570 | 11,501 | 11,404 | 11,332 | 11,232 | 11,130 | 11,053 | 7,885 | 7,880 | 7,685 | 7,528 | 7,340 | 7,135 | 6,787 | 6,765 | 6,472 | 6,309 | 6,092 | 5,933 | 5,875 | 5,815 | 5,429 |
| DPR | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| SPA | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| AAP | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

0580180893

P. O. Box 105518
Atlanta, GA 30348

000002015 F0ECA0726140202350000 01 000000
001698500-4699



# EQUIFAX

*CREDIT FILE : July 24, 2014*
*Confirmation # 4197047427*

Dear Wendy A Bartlett:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 425-7961 from 9:00am to 5:00pm Monday-Friday in your time zone.

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Visit us at www.equifax.com/CreditReportAssistance or Call us at 866-349-5186.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

### Credit Account Information

*(For your security, the last 4 digits of account number(s) have been replaced by *)*
*This section includes open and closed accounts reported by credit grantors)*

| Account History | |
| --- | --- |
| 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due |
| 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due |
| 3 : 90-119 Days Past Due | G : Collection Account |
| 4 : 120-149 Days Past Due | H : Foreclosure |

| | |
| --- | --- |
| J : Voluntary Surrender | |
| K : Repossession | |
| L : Charge Off | |

**Status Code**

**Descriptions**

>>> We have researched the credit account. Account # ▮▮▮▮ The results are: The status of this account has been updated. The prior paying history on this account has been updated. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: **Wells FARGO Dealer Service, D1644-01V, 1451 Thomas Langston Rd, Winterville NC 28590-8872 Phone: (800) 289-8004**

**Wells FARGO DLR SVC/WACH DLS** D1644-01V 1451 Thomas Langston Rd Winterville NC 28590-8872 : (800) 289-8004

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Rvwd | Activity Designator | Deferred Pay Start Date | Balloon Pay Start Date | Balloon Pay Amount | Date Closed |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 51820012S* | 09/01/2007 | $0 | $0 | | Monthly | 76 | | | | $0 | |

| Balance As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date Maj. Del. 1st Rptd | Date of Last Activity | Charge Off Amount | Balloon Pay Date | Creditor Classification |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 07/01/14 | $4,891 | $4,891 | 07/2014 | $0 | $0 | 05/2010 | 06/2014 | | $0 | | |

**Status** - Included in Wage Earner Plan; Type of Loan - Auto; Whose Account - Individual Account; ADDITIONAL INFORMATION - Consumer Disputes After Resolution; Bankruptcy Chapter 13; Auto; Fixed Rate;

( Continued On Next Page )

4197047427APPLADM-001698500-4699-9204-A

EXHIBIT G

# WELLS FARGO DLRSVC/WACHO

PO BOX 1697
WINTERVILLE, NC 28590
(800) 289-8004

| | | |
|---|---|---|
| **Date Opened:** | 09/24/2007 | **Balance:** $0 |
| **Responsibility:** | Individual Account | **Date Updated:** 04/30/2014 |
| **Account Type:** | Installment Account | **Last Payment Made:** 05/14/2010 |
| **Loan Type:** | AUTOMOBILE | **High Balance:** $17,684 |

**Remarks:** >CHAPTER 13 BANKRUPTCY<; DISP INVG COMP-CONSUM DISAGRS
**Estimated month and year that this item will be removed:** 03/2017

| | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X |

| | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X |

| | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X |

| | 09/2011 | 08/2011 | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X |

| | 11/2010 | 10/2010 | 09/2010 | 08/2010 | 07/2010 | 06/2010 | 05/2010 | 04/2010 | 03/2010 | 02/2010 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | OK | OK | OK |

| | 01/2010 | 12/2009 | 11/2009 | 10/2009 | 09/2009 | 08/2009 | 07/2009 | 06/2009 | 05/2009 | 04/2009 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 03/2009 | 02/2009 | 01/2009 | 12/2008 | 11/2008 | 10/2008 | 09/2008 | 08/2008 | 07/2008 | 06/2008 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 05/2008 | 04/2008 | 03/2008 | 02/2008 | 01/2008 | 12/2007 | 11/2007 | 10/2007 |
|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK |